HAMMOND v. NOBLE.

SPECIFIC PERFORMANCE—EXISTENCE OF CONTRACT—EVIDENCE.
  On a bill for specific performance of an oral contract for the
    sale of corporate stock, evidence examined, and *held*, insuf-
    ficient to establish the contract as claimed by complainant.

Appeal from Wayne; Mandell, J.   Submitted October
9, 1907.  (Docket No. 7.)  Decided December 10, 1907.

Bill by Charles F. Hammond against Herbert W.
Noble for the specific performance of a contract.  From
a decree dismissing the bill, complainant appeals.
Affirmed.

*Thomas A. E. Weadock*, for complainant.

*Charles F. Delbridge*, for defendant.

CARPENTER, J.   Complainant brings this suit in equity
to specifically enforce a contract whereby he agreed to
buy and defendant agreed to sell 100 shares of the stock
of the Michigan Fire & Marine Insurance Company.
The circuit court dismissed his bill and he appeals to this
court.

It is the claim of complainant that by his contract of
purchase—which was an oral contract—he was to take
the stock "subject to any assessment thereon on account
of recent losses of said insurance company by fire in San
Francisco, California, and elsewhere."  It was the claim
of defendant that by the contract of purchase complain-
ant agreed to guarantee said assessment.  Upon this issue
the testimony was in conflict, and we agree with the trial
judge that complainant did not establish his case by a
preponderance of testimony.  In other words, we are not
convinced that the contract was as complainant avers,
and on this record we are compelled to find that it was as

defendant claims. That contract complainant has no right to have specifically performed, for before suit was instituted he refused defendant's proffer to perform it. It is not to be assumed from this opinion that complainant had a right to specifically enforce the contract averred in his bill. In the view we have taken of this case it is unnecessary to decide that question and we have not decided it.

Decree affirmed, with costs.

McALVAY, C. J., and GRANT, BLAIR, and MONTGOMERY, JJ., concurred.